## JOHN GALLAGHER *v.* MICHAEL RILEY.

EVIDENCE OF BOUNDARIES OF MEXICAN GRANT.—When the survey made by the Surveyor-General of the United States, of an imperfect confirmed Mexican grant of land, becomes final, such survey is conclusive evidence in an action of ejectment against one claiming under the grant, of the boundaries of the tract confirmed.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

Ejectment to recover lot number 5, of section 11, in township 4 north of range 8 west, Mount Diablo meridian, in the county of Sonoma. The plaintiff claimed under a sale of the United States as public lands, and a patent

issued to the purchaser, José Ramon Mesa. The defendant claimed the demanded premises as a part of the Rancho Laguna de San Antonio, granted by the Mexican nation to Bartolome Bojorques in 1846. The plaintiff offered in evidence the patent to Mesa, and a deed from Mesa to himself, and having introduced testimony with regard to damages, rested. The defendant then introduced in evidence the expediente of the Rancho Laguna de San Antonio. To the expediente was attached a diseño or map. The grant to Bojorques described the land granted as follows: "Bounded on the south-east by the land of Juan Martin, on the north-west with the two rocks (los dos piedros), on the south-west with Los Tomales, and on the north-east with Juan Miranda, and is of the extent of six square leagues."

Defendant then offered in evidence the petition of Bojorques, for the confirmation of the grant presented to the Board of Land Commissioners, October 12, 1853, and the decree of the Board confirming the grant, in which it was described as follows:

"The lands of which confirmation is hereby made, are known by the name of 'Laguna de San Antonio,' being the same on which said petitioner resides, and bordering towards the north-east on the lands known in November, A. D. 1845, as the lands of Juan Martin; towards the north-west on los dos piedros; to the south-west on Los Tomales; and toward the north-east on lands known, at the date of the last mentioned, as the lands of Juan Miranda; the said premises being of the extent of six square leagues. Reference for more particular description thereof to be had to the original grant, and to the map, a copy of which is filed in this case."

The defendant then offered in evidence the decree of the District Court of the United States for California, entered September 10, 1855, on appeal from the Board of Land Commissioners, affirming the decree of said Board, and an order made by the said District Court on the 24th day of November, 1856, reading as follows:

"The Attorney-General of the United States having given notice that no appeal to the Supreme Court of the

United States will be presented in this case, and a stipula-
tion having been entered into by the District Attorney,
that no further appeal shall be taken on the part of the
United States, and for leave to the claimant to proceed
under the decree of this Court heretofore rendered in his
favor.  On motion of the District Attorney, it is ordered,
adjudged and decreed, that the claimant have leave to pro-
ceed under the decree of this Court, heretofore rendered in
his favor, as on final decree."

The defendant then proved title in himself under the
grant.  The plaintiff, in rebuttal, introduced the plat of the
survey and field notes of said rancho, made by the Surveyor-
General, and introduced evidence tending to show that the
demanded premises were not within the boundaries of the
survey.  It was here admitted that the land in controversy
was within the boundaries of the diseño or map, but not
within the boundaries of the survey of the grant made by
the Surveyor-General.  The plaintiff then offered to prove
the matters stated in the opinion, and copied from the bill
of exceptions.  The defendant had judgment, and the
plaintiff appealed from the judgment, and from an order
denying a new trial.

*F. D. Colton,* for the Appellant.

Does the grant to Bojorques as finally determined, include
the land in dispute.  It is admitted that it is within the
limits of the diseño, and without the limits of final survey.

The plaintiff offered to prove that the survey of the grant
had become final.  The Court below held that no proceed-
ings subsequent to the decree could in any manner affect
the boundaries of the land, and that, therefore, the evidence
offered was immaterial.  We contend that the survey of a
grant like this, when final, is conclusive upon the parties,
and that claimants, under the grant, are not entitled to
lands outside of such surveyed limits.  This grant is an
imperfect title.  It is a grant of quantity within certain
boundaries.  No juridical possession was ever given.
(*Schmidt* v. *Giovanari,* 43 Cal. 622.)  It, therefore, required
confirmation and segregation.  In the decree of confirma-

tion the land is described as bounded upon certain surrounding ranchos. These being monuments, must limit the grant to Bojorques. It is presumed that the survey runs on the lines of these surrounding ranches. The final survey is conclusive upon the parties. (*Moore* v. *Wilkinson,* 13 Cal. 486; *Boggs* v. *Merced Mining Co.,* 14 Cal. 360; *De Arguello* v. *Green,* 26 Cal. 616; *Morrill* v. *Chapman,* 35 Cal. 88; *Bernal* v. *Lynch,* 36 Cal. 135; *Yates* v. *Smith,* 38 Cal. 60; *Shartzer* v. *Love,* 40 Cal. 96; *Greer et al.* v. *Meyer et al.,* 24 Howard. 276.)

*George Pearce,* for the Respondent.

The defendant, respondent, takes and claims title to the land, by grant from Mexico and judgments of the Board of Land Commissioners and the District and Supreme Courts of the United States; and these are final between the respondent and the United States, and, of course, final as to the appellant. (See section 15 of the Act to Settle Private Land Claims; Wood's Digest, p. 753.) It was made the duty of the surveyor to survey the claim confirmed. (See section 13 of above Act.) The surveyor never did this—he only surveyed a part of the grant. The grant in question is one of a piece of land in contra-distinction to one of a quantity of land, a piece of land that can be found with mathematical certainty.

The judgments of confirmation before the Commissioners and Courts above referred to, all follow the grant for description; and, as if to make the description more certain, made the map a part of the grant, and judgments by adoption. (Trans. folios 72, 75 and 78; *Mahony* v. *Van Winkle,* 33 Cal. 448; *Ward* v. *Mulford,* 32 Cal. 365; *Seward* v. *Mallotte,* 15 Cal. 304; also Yount's case in Hoffman's Reports; *Guilard* v. *Stoddard,* 16 How. 494; *Bissall* v. *Penrose,* 8 How. 317; *Stanford* v. *Taylor,* 18 How. 409; *U. S.* v. *Sutherland,* 19 How. 363.)

The offer shows that the survey was made in 1859. This could not be final. (*United States* v. *Sepulveda,* 1 Wallace, 104; 13 U. S. Statutes at Large, page 332.)

By the Court, WALLACE, C. J.:

The bill of exceptions states as follows:

" The plaintiff then offered to prove that the survey, plat and field notes made by the Surveyor-General of the State of California, of said Rancho Laguna de San Antonio, a copy of which is hereunto annexed, marked Ex. 2, was filed in the office of said Surveyor-General on the 10th day of March, A. D. 1859, and approved by him on said day.

" That said Surveyor-General immediately thereafter, to wit: On the 15th day of March, A. D. 1859, gave due notice, by publication according to law, that said claim had been surveyed, and a plat thereof made and filed as aforesaid; that no objections were made, and offered further to prove that said survey had become final.

" The defendant objected to the introduction of the testimony on the grounds that the grant and decree of confirmation, being for a specific piece of land became final as to the land contained in the grant.

" The Court sustained the objection, and the plaintiff duly excepted."

In excluding the proffered evidence the Court below erred. If the survey had become final, as the plaintiff proposed to prove, it was conclusive of the boundaries of the Rancho " Laguna de San Antonio." The Court below was mistaken in supposing that the confirmation to Bartolome Bojorques was for a " specific piece of land." The quantity confirmed was six leagues in superficial area, " being the same on which said petitioner resides, and bordering toward the north-east on the lands known in November, A. D. 1845, as the lands of Juan Martin; toward the north-west on Los Dos Piedros; toward the south-west on Los Tomales; and toward the north-east on lands known, at the date of the last mentioned, as the lands of Juan Miranda; the said premises being of the extent of six square leagues."

The land confirmed was to be hereafter surveyed, located and set apart to the confirmee by the proper authorities of the United States, and if the survey had become final, as the plaintiff offered to show, it was conclusive evidence in this action, of the boundaries of the tract confirmed.

Judgment and order reversed, and cause remanded for a new trial.

Mr. Justice NILES did not express an opinion.